## Chicago Union Traction Company v. Bridget Fitzgerald, Administratrix.

### Gen. No. 13,656.

1. Variance—*what does not constitute.* In an action for personal injuries, an allegation in the declaration that the defendant traction company permitted a hole to remain "within the rails" of

the south track, is not an averment that such hole was within or between the flanges, but is an averment that such hole was within or between the rails proper, and proof that a part of the flange of said south rail was broken off at its junction with the web of the rail proper, and was gone, leaving a hole where the flange was when in place, is proof of the averment of the declaration.

2. ORDINARY CARE—*duty of traction company to exercise.* Under the general principles of law, independent of any ordinance, it is the duty of a traction company to use reasonable care to keep the flanges of its rails reasonably safe for vehicles to pass along and over.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 28, 1908.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

COBURN & CASE and JOSEPH I. SHERIDAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $5,000 recovered by the administratrix of James Fitzgerald in an action for wrongfully causing the death of plaintiff's intestate. The action was against appellant and the city of Chicago, but upon the trial the jury returned a verdict of not guilty as to the city, upon which judgment was rendered in its favor.

Appellant offered no evidence at the trial, and as to the evidentiary facts there is no controversy. Appellant operated a double track street railway in Madison street, and deceased was driving east in the south track. When about 100 feet east of the Madison street bridge, the south fore wheel of his wagon dropped into a hole, and thereby he was thrown from his wagon, run over by its wheels and killed. The evidence shows that at the place where the accident occurred the flange of the south rail of appellant's track had been broken off at its junction with the web of the rail;

that the part so broken off was gone and had been gone for months before the accident, leaving a hole into which wheels of other wagons had dropped; that alongside of the place where the flange was broken and gone, stone paving blocks were gone, making the hole caused by the absence of the missing portion of said flange and of said paving blocks a foot or more long, six inches deep 'and extending into the space be-tween the rails six or seven inches from the web of the south rail. The first count of the amended declaration avers that the defendants negligently, etc., "suffered and permitted a certain hole to be and remain in the pavement of Madison street within the rails of the south track," etc., and that the deceased, using due care, etc., drove into said hole and thereby came to his death.

The principal contention of appellant is, that no count of the declaration charged that the rails or tracks were out of repair, but that each count charged that the deceased was injured by falling into a hole in the street or pavement between the tracks; that evidence that the flange of the rail was broken out and gone presents an entirely different case and theory of negligence from that charged in the declaration.

The rail in use at the place in question was a bar or beam of steel made in one piece, but consisting of the head, the web, the base and the flange. When in place as part of the street railway track, the web extends upward from the base which rests upon cross ties to the head and supports the head and the flange; the head extends outward from the inner face of the web; the flange is an inch or more below the head and extends inward from that face, is three or four inches wide and is five or six inches above the base of the rail. When a wagon runs in car tracks the wheels run upon the flanges inside the heads of the rails. Some, perhaps most of the witnesses, call the heads of the rail, the rail, and speak of a wagon running between the heads of the rails, upon the flange,

as running between the rails. In a proper sense, the base, the web and the head may be considered the rail. The object and purpose of the rail is to support and guide the wheels of the cars and motors. To this object and purpose the· flanges do not contribute. Their object and purpose is to cover the three or four inches of the surface of the street next to the inside of the rail proper, and afford a support to the wheels of vehicles running on the tracks, that is, between the rails proper. In speaking of the distance between the rails of a street railway track, we mean the distance between the rails proper, not the distance between the inner edges of the flanges. The granite blocks cover the surface of the street between the inner edges of the flanges and such blocks, and the flanges cover the surface of that part of the street which is between the rails. The flanges as well as the granite blocks serve and are used as a pavement, and the flange may therefore be regarded as a part of the pavement.

We think that the averment that the defendant permitted a hole to remain "within the rails" of the south track is not an averment that such hole was within or between the flanges, but is an averment that such hole was within or between the rails proper, and that proof that a part of the flange of said south rail was broken off at its junction with the web of the rail proper and was gone, leaving a hole where the flange was when in place, was proof of the averment of the declaration. Under the general principles of law, independent of any ordinance, appellant was bound to use reasonable care to keep the flanges reasonably safe for vehicles to pass along and over.

The evidence in this record shows that months before plaintiff's intestate received the injuries which caused his death, a portion of the flange of the south rail had been broken out, leaving a hole that imperiled the safety of drivers of wagons driving in defendant's tracks. The evidence tends to show that appellant had actual notice that a portion of such flange was broken

out and gone, but if not, it clearly shows that such
condition had existed for such length of time that if
appellant had exercised reasonable care it would have
known of such condition. If the flange had been in
repair, the wagon would have passed along in safety,
although paving blocks were missing, and the jury
were therefore warranted in finding that the defective
condition of the flange directly contributed to the
injury and death of plaintiff's intestate.

We think that the evidence is sufficient to support
the verdict, that the record is free from reversible
error, and the judgment will therefore be affirmed.

*Affirmed.*